IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JANINE CHARBONEAU, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:13-cv-79 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| SUCCESSOR BY MERGER TO BAC | § | |
| HOME LOANS SERVICING, LP, fka | § | |
| COUNTRYWIDE HOME LOANS | § | |
| SERVICING, LP, | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON DEFENDANT'S MOTION TO DISMISS

Pending before the Court is Defendant's Motion to Dismiss (Dkt. 4), Plaintiff's Response (Dkt. 6), and Defendant's Reply (Dkt. 7). As set forth below, the Court recommends that the motion (Dkt. 4) be **GRANTED**.

### I. JURISDICTION AND VENUE

Jurisdiction is proper in this court under 28 U.S.C. §§ 1332(a)(1) and 1367. Venue is proper under 28 U.S.C. § 1391(b)(2).

### II. BACKGROUND

Plaintiff Janine Charboneau granted a mortgage on the property at 7114 Schafer Street, Dallas, Texas 75252, on December 13, 2005 to lender, WR Starkey Mortgage, L.L.P. The deed of trust names Mortgage Electronic Registration System (MERS) as the beneficiary of the mortgage. The mortgage was assigned by MERS to Defendant Bank of America (BOA) on November 1, 2010. Plaintiff filed this suit alleging a claim for suit to quiet title.

### III. LEGAL STANDARD

In deciding a Rule 12(b)(6) motion, a court must accept all of the plaintiff's allegations as true.[1] A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint."[2] "Factual allegations must be enough to raise a right to relief above the speculative level."[3] In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[6] A claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."[7]

The Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion in *Iqbal*. First, the court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth."[8] Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief."[9] This evaluation is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]

---

[1] *Ballard v. Wall*, 413 F.3d 510, 514-15 (5th Cir. 2005).
[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).
[3] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 555).
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).
[5] *Id.*
[6] *Id.*
[7] *Twombly*, 550 U.S. at 563 n.8.
[8] *Iqbal*, 556 U.S. at 679.
[9] *Id.* at 681.
[10] *Id.*

## IV. ANALYSIS

A suit to quiet title is an equitable remedy to clarify ownership by removing clouds on the title.[11] To establish a claim for suit to quiet title, Plaintiffs must show the following: (1) an interest in a specific property; (2) that title to the property is affected by a claim by the defendant; and (3) that the claim, although facially valid, is invalid or unenforceable.[12] An adverse claim, to constitute a cloud on the title removable by the court, must be one that is valid on its face but is proved by extrinsic evidence to be invalid or unenforceable.[13]

Plaintiff alleges that Defendant's claim to title is invalid or unenforceable because (1) Trent Thompson, the individual that assigned the mortgage to Defendant on behalf of MERS, did not have personal knowledge of the events and conditions documented in the assignment; (2) that Thompson did not swear to have the requisite personal knowledge to execute the assignment; and (3) Thompson was not vested with authority by MERS to assign the mortgage to Defendant because he was not a duly appointed officer by the MERS board of directors.[14] Defendant responds that Plaintiff's claims fail because (1) MERS is a valid beneficiary under the deed of trust; (2) Plaintiff lacks standing to challenge the assignment from MERS to Defendant Bank of America; (3) Plaintiff lacks standing to assert claims under the pooling and servicing agreement;[15] and (4) Plaintiff must show that her title is superior to Defendant's.

---

[11] *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007).
[12] *See Rhodes v. Wells Fargo Bank, N.A.*, Civil Action No. 3:10-cv-02347-L, 2012 WL 5363424, at *34 (N.D. Tex. Oct. 31, 2012) (judgment vacated in part on other grounds by 2013 WL 2090307).
[13] *See id.*
[14] Pet. ¶ 8.
[15] The Court notes that Plaintiff does not make any challenge to the assignment that is based on a pooling and service agreement. Therefore, the Court does not address this argument.

Mortgagors in Texas do have standing to challenge assignments of their mortgages in certain circumstances.[16] "A debtor may, generally, assert against an assignee all equities or defenses existing against the assignor prior to notice of the assignment . . . but if the assignment is effective to pass title, debtor cannot interpose defects or objections which merely render the assignment voidable at the election of the assignor or those standing in his or her shoes."[17] Plaintiff was not a party to the assignment from MERS to Defendant. An assignee's rights against the obligor are subject only to the defenses the obligor had against the assignor, and Plaintiff has not stated any claims against the assignor, MERS, that would void the assignment.

The case that Plaintiff cites to support her argument is distinguishable from this one. In *Miller v. Homecomings Financial*,[18] there was a gap in the chain of title to the plaintiff's mortgage from the original lender to the foreclosing lender. The foreclosing party must be able to trace the right to foreclose back to the original mortgagee or it is unable to exercise the right to foreclose. Here, MERS was named as the beneficiary in the deed of trust, and the assignment at issue is from MERS to Defendant.[19] Therefore, there does not appear to be any gaps in the chain of title in this instance, and *Miller* is inapposite.

"The MERS system is merely an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans. The system is designed to track transfers and avoid recording and other transfer fees that are otherwise associated with the sale."[20] MERS is a mortgagee under the Texas Property Code.[21]

---

[16] *See e.g., Miller v. Homecomings Fin.*, 881 F. Supp. 2d 825, 831-32 (S.D. Tex. 2012).
[17] *Id.* at 831.
[18] *Id.*
[19] Dkt. 4-3.
[20] *Richardson v. CitiMortgage, Inc.*, No. 6:10-cv-119, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010) (citing *In re: Mortgage Electronic Registration Systems (MERS) Litigation,* 659 F. Supp. 2d 1368 (U.S. Jud. Pan. Mult. Lit. 2009)) (internal citations omitted).
[21] TEX. PROP. CODE § 51.001(4); TEX. PROP. CODE § 51.0025.

Here, MERS was the nominee for WR Starkey Mortgage, L.L.P., *its successors and assigns*, had the authority to transfer the rights and interests in the Deed of Trust to Defendant, and Plaintiff lacks standing to challenge the assignment.

Plaintiff also contends that Trent Thompson, the individual who signed the Assignment of Mortgage on behalf of MERS, was not vested with the authority by MERS to assign the mortgage to Defendant. Again, Plaintiff has not stated sufficient facts to support her claim and she "has not cited to any governing authority regarding MERS to show how she would have standing to challenge the validity of the assignment document."[22] Plaintiff has failed to state any facts to show that she has superior title to Defendant, so her suit to quiet title fails.

V. **RECOMMENDATION**

Plaintiff has failed to state a plausible claim for relief in her complaint. Plaintiff also lacks standing to challenge the validity of the assignment from MERS to Defendant, which is the basis of her suit to quiet title. Accordingly, Defendant's Motion to Dismiss (Dkt. 4) should be **GRANTED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from

---

[22] *Brown v. Countrywide Home Loans, Inc.*, No. 4:11-cv-463, 2012 WL 4478300, at * 3 (E.D. Tex. Sep. 27, 2012) (collecting cases).

appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.[23]

**SIGNED this 14th day of August, 2013.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[23] *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).